UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANDREW SCOTT CONNING, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-12336-ADB |
| | * | |
| JACK HALPERN and CJKI DICTIONARY INSTITUTE, INC., | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTIONS FOR FEES AND COSTS**

BURROUGHS, D.J.

Currently before the Court are Plaintiff Andrew Scott Conning's ("Plaintiff") motions to recover attorneys' fees and costs incurred in connection with two successful discovery-related motions. [ECF Nos. 73, 74]. Defendants Jack Halpern and CJKI Dictionary Institute, Inc. ("CJKI," and, together with Halpern, "Defendants") oppose the motions and dispute the amounts requested. [ECF No. 77]. For the reasons set forth below, the first motion, [ECF No. 73], is GRANTED and the second motion, [ECF No. 74], is GRANTED in part.

**I.     BACKGROUND**

The Court assumes the parties' familiarity with the facts, and in any event, a complete factual background is unnecessary for resolution of the instant motions. In short, Plaintiff and Defendants had a business relationship that soured. [ECF No. 70 at 2]. Plaintiff commenced an arbitration against Defendants in Japan and obtained an arbitral award. [Id. at 2–3]. Plaintiff

then initiated this action seeking the full payment of the arbitral award and asserting a number of state-law claims. [ECF No. 1-2 at 14–37].

Discovery in this case has been contentious, mostly because of Defendants' dilatory and obstructionist tactics. See, e.g., [ECF No. 63, 65]. On May 19, 2020, Plaintiff moved to compel responses to certain written discovery requests, [ECF No. 52 (motion to compel Halpern); ECF No. 54 (motion to compel CJKI)], and on July 20, 2020, the Court granted the motions, [ECF No. 63]. On September 22, 2020, Plaintiff moved to compel certain deposition testimony from Halpern, [ECF No. 70], and on September 29, 2020, the Court granted that motion as well, [ECF No. 72].

Plaintiff filed the instant motions on October 2, 2020: the first seeks fees and costs in connection with the September 22, 2020 motion to compel, [ECF No. 73], and the second seeks fees and costs in connection with the May 19, 2020 motions to compel, [ECF No. 74]. On October 12, 2020, Defendants opposed both motions and disputed the amount of fees and costs requested, arguing that Plaintiff is entitled to far less than he seeks. [ECF No. 77]. Plaintiff replied on November 2, 2020, reducing his request in light of Defendants' arguments. [ECF No. 80].

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37, if the Court grants a motion to compel, it

> must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

2

>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). In the First Circuit,

> courts follow the so-called lodestar method for calculating reasonable attorneys' fees. The lodestar method involves multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure.
>
> In fashioning the lodestar, the first step is to calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are excessive, redundant, or otherwise unnecessary. [T]he court has a right—indeed, a duty—to see whether counsel substantially exceeded the bounds of reasonable effort.
>
> After determining the number of hours reasonably expended, the second step in calculating the lodestar requires a determination of a reasonable hourly rate—a determination that is benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and specialized competence. In determining a reasonable hourly rate, a court must consider the type of work performed, who performed it, the expertise that it required, and when it was undertaken. The moving party bears the burden of establishing an attorney's level of skill and experience, and when that party fails to provide documentation as to the attorney's qualifications, a court may reduce the hourly rate.
>
> After determining the reasonable number of hours and hourly rate, the court may adjust the lodestar upward or downward based on a number of factors. Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Day v. Gracy, No. 18-cv-10396, 2019 WL 3753947, at *2–3 (D. Mass. Aug. 8, 2019) (alteration in original) (internal citations and quotation marks omitted).

### III.    DISCUSSION

#### A.    Awarding Fees and Costs Is Appropriate in Connection with All Motions to Compel

Prior to filing each motion to compel, Plaintiff attempted in good faith to resolve the parties' dispute without the Court's intervention. See [ECF No. 52 at 3 (May 19, 2020 motion to

compel Halpern); ECF No. 54 at 3 (May 19, 2020 motion to compel CJKI); ECF No. 70 at 15 (September 22, 2020 motion)]. Defendants do not argue that their positions in connection with these motions were substantially justified. See generally [ECF No. 77]. With regard to the May 19, 2020 motions to compel, the Court concluded that Defendants' discovery responses were "plainly insufficient" and granted Plaintiff's motions in their entirety. [ECF No. 63]. The Court also granted the September 22, 2020 motion to compel in its entirety while chastising Defendants for their conduct throughout discovery. [ECF No. 72]. Accordingly, the Court finds that Defendants' positions with respect to these motions were not substantially justified. Further, Defendants have not identified any circumstances that would make an award of expenses unjust, see generally [ECF No. 77], and the Court cannot independently identify one. Thus, pursuant to Federal Rule of Civil Procedure 37, the Court must award Plaintiff "reasonable expenses incurred in making the motion[s], including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Defendants make six general arguments regarding the reasonableness of the fees sought, [ECF No. 77 at 3–5], and also make various objections to specific time entries in Plaintiff's schedules of fees, [ECF Nos. 77-1, 77-2]. Because the general arguments are applicable to both motions, the Court will summarize and address them here.

In essence, Defendants argue that: (1) Plaintiff seeks fees for work that was not sufficiently tied to the relevant motions, [ECF No. 77 at 3]; (2) too many attorneys worked on the motions, [id. at 3–4]; (3) the number of hours billed is excessive and reflects duplicative work, [id. at 4]; (4) Plaintiff seeks fees for his attorneys' internal communications, [id.]; (5) the billing entries are insufficiently detailed, [id.][1]; and (6) the billing rates reflected in the fee

---

[1] In a subsequent filing, Plaintiff added detail to the entries. [ECF No. 80 at 10–29].

requests are too high, [id.].[2]  Putting aside for the moment fees for unrelated work (first argument) and hours billed (third argument), with regard to their second argument, Defendants point to no authority establishing a limitation on the number of attorneys that can work on a matter for purposes of a fee request.  The Court will not disallow reasonable fees solely because they reflect the work of more than one attorney.  See Banco Popular de P.R. v. Gilbert, 424 F. App'x 151, 154 n.2 (3d Cir. 2011) ("Of course, it will often be appropriate for district courts, in their discretion, to disallow recovery of fees incurred because a party has elected to have two lawyers do work that might have been done by only one.  Situations nonetheless exist in which recovery for the work of multiple lawyers would be appropriate, even in routine matters.").

Similarly, as to Defendants' fourth argument, they point to no authority for the proposition that internal communications are non-compensable, and the Court sees no reason to impose a blanket ban on recovering for intrafirm communications.  See Banco Popular, 424 F. App'x at 154 n.2 ("It is also proper for the attorneys in a firm to confer concerning legal issues.  Indeed, that conferring may save hours of research.").  Finally, as to Defendants' last argument which concerns hourly rates, the Court finds that Plaintiff's attorneys' hourly rates, which range from $150–$200, see [ECF No. 80 at 10–29], are reasonable.  In connection with discovery disputes, courts in this district routinely award attorneys' fees based on similar (or higher) hourly rates.  See, e.g., Day, 2019 WL 3753947, at *4 (finding $300 hourly rate reasonable); Barth v. City of Peabody, No. 15-cv-13794, 2019 WL 8918791, at *3 (D. Mass. July 24, 2019) ($225); Briarwood Thirteen LLC v. Travelers Prop. Cas. Co. of Am., No. 14-cv-30074, 2019 WL 8128930, at *3 (D. Mass. Jan. 29, 2019) ($300); Coons v. A.F. Chapman Corp., No.

---

[2] In his subsequent filing, Plaintiff reduced the hourly rates he used in calculating his request. [ECF No. 80 at 3].

03-cv-11900, 2009 WL 10728766, at *3–4 (D. Mass. Apr. 27, 2009) ($220), aff'd sub nom. Coons v. Indus. Knife Co., Inc., 620 F.3d 38 (1st Cir. 2010); cf. United States v. One Star Class Sloop Sailboat built in 1930 with hull no. 721, named "Flash II", 546 F.3d 26, 40 (1st Cir. 2008) ("Thus, the rate that private counsel actually charges for her services, while not conclusive, is a reliable indicium of market value."); [ECF No. 80 at 3 (noting that Plaintiff's counsel's firm ordinarily charges $300 per hour but provided a discount here)].

### B.   Fees and Costs in Connection with May 19, 2020 Motions to Compel

Plaintiff seeks $16,595.00 in costs and fees associated with his successful May 19, 2020 motions to compel. [ECF No. 80 at 4]. This sum is based on 99.4 hours multiplied by an hourly rate of either $150 or $200 depending on the attorney. [Id. at 10–22]. The initial time entry is from March 6, 2020, seventy-four days before the motions were filed, and the final entry is from June 16, 2020,[3] the date that Plaintiff filed a letter requested by the Court regarding the motions. [Id. at 10–19]. Four attorneys appear in the time records: Shaun Keough, Ken Parker, Nathaniel Lichtin, and Jennifer Wilson. [Id. at 10–22].

The Court begins by calculating the number of hours reasonably expended by Plaintiff's attorneys in making the motions. See Day, 2019 WL 3753947, at *2; Fed. R. Civ. P. 37(a)(5)(A). First, Plaintiff seeks to recover fees that were not incurred in making the May 19, 2020 motions. For instance, he seeks fees for 2 hours that Ms. Wilson spent on March 6, 2020 drafting a "memorandum detailing inefficiencies with Defendant's responses to interrogatories." [ECF No. 80 at 10]. As another example, he seeks fees for 2.8 hours that Mr. Parker spent on March 18, 2020 editing a letter to Defendants regarding their discovery deficiencies, emailing

---

[3] Plaintiff initially requested fees for work completed in August and September 2020 but subsequently amended his request to omit the work completed after June 16, 2020. [ECF No. 80 at 20–22].

6

with Ms. Wilson regarding the same, and speaking with Plaintiff on the phone. [Id. at 12]. That work, however, would likely have been done regardless of the May 2020 motions to compel, and in any event, was not done in connection with them. See Coons, 2009 WL 10728766, at *6 ("Although plaintiffs are responsible for the fees and expenses caused by the untimely designations, they are not responsible for the fees defendants would have incurred anyway." (internal citations and quotation marks omitted)); cf. Mosaid Techs. Inc. v. Samsung Elecs. Co., 224 F.R.D. 595, 598 (D.N.J. 2004) ("Many of the fees would have been incurred in any event, and I therefore disallow these. For example, the firm spent many hours 'reviewing' documents actually produced by defendants. While such review may have been tangentially related to the sanctions motion, plaintiff most likely would have performed this work irrespective of the instant dispute."). Work done in connection with discovery and the meet-and-confer process, including letters to opposing counsel and memoranda regarding deficiencies with Defendants' discovery responses, is not work done on a subsequent motion to compel. That a motion to compel is ultimately filed does not transform all of that work into motion-related work compensable under Federal Rule of Civil Procedure 37. As a result, the Court reduces the number of total hours from 99.4 hours to 61.8 hours to reflect the 37.6 hours spent on tasks insufficiently linked to the May 2020 motions to compel. See [ECF No. 80 at 10 (4.8); id. at 11 (5.5 hours); id. at 12 (8 hours); id. at 13 (4.5 hours); id. at 14 (5.9 hours); id. at 15 (8.9 hours)[4]].

---

[4] On April 6, 2020, Ms. Wilson billed 6.6 hours for "research support for the arguments that Defendants must provide certain discovery responses; draft memorandum summarizing the legal standards; draft motion to compel." [ECF No. 80 at 15]. With respect to the first two tasks listed, there is insufficient detail to determine whether they were done in connection with the motions to compel. Because there is no apportionment of the 6.6 hours as between the three tasks, the Court assumes that Ms. Wilson spent 2.2 hours on each. Accordingly, of the 6.6 hours spent, only the 2.2 hours spent "draft[ing] motion to compel" are compensable.

Notwithstanding Defendants' objections, the Court finds the remainder of the time entries in Plaintiff's revised fee schedule to be reasonable. Accordingly, the Court concludes that 61.8 hours were reasonably expended. Though the motions to compel did not raise novel or particularly complex legal issues, there were many deficiencies with Defendants' discovery responses and, for that reason, there was undoubtedly a significant amount of work to be done in drafting and editing the briefs (and accompanying exhibits) that Plaintiff filed in support of his motions. Applying the attorney-specific hourly rates, which the Court has already concluded are reasonable, the lodestar is $10,260.00. Even assuming that 61.8 hours was a lot of time to spend on these motions to compel, the Court views the overall amount of $10,260.00 to prepare such motions as reasonable in light of the circumstances and therefore declines to discount it further. Day, 2019 WL 3753947, at *3 ("After determining the reasonable number of hours and hourly rate, the court *may* adjust the lodestar upward or downward based on a number of factors.") (emphasis added).

### C.  Fees and Costs in Connection with September 22, 2020 Motion to Compel

Plaintiff seeks $5,382.10 in costs and fees associated with his successful September 22, 2020 motion to compel. [ECF No. 80 at 4]. This sum is based on 21.2 hours multiplied by hourly rates of either $150 or $200 as well as $487.10 for court-reporting costs associated with the deposition scheduled for September 15, 2020. [Id. at 26–29]. The initial time entry is from September 15, 2020, the day of the deposition, and the final entry is from September 22, 2020, the date of the motion. [Id. at 26–29]. Mr. Keough, Mr. Parker, and Mr. Lichtin appear in the time records. [Id.].

Notwithstanding Defendants' objections, the Court finds Plaintiff's revised schedule of fees, [ECF No. 80 at 24–29], to be reasonable. Accordingly, the Court concludes that 21.2 hours

were reasonably expended.  Although Plaintiff's motion to compel deposition testimony did not involve particularly complex or nuanced legal arguments, the Court recognizes that preparing any brief (and the accompanying exhibits and declarations) takes time and careful attention to detail.  Applying the attorney-specific hourly rates (and adding the $487.10 in court-reporting costs, to which Defendants do not object), the lodestar is $5,382.10.  The Court views this amount as reasonable in light of the circumstances and therefore declines to adjust it.  Day, 2019 WL 3753947, at *3.

### D. Liability

Rule 37 provides that the Court may require "the party or deponent whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both" to pay reasonable expenses.  Fed. R. Civ. P. 37(a)(5)(A).  Neither party has discussed whether Defendants or their counsel (or both) should be liable for Plaintiff's fees and costs.  See generally [ECF Nos. 73, 74, 77, 80].  "Imposing sanctions against a party and counsel jointly and severally is appropriate where it is unclear based on the record which is less blameworthy than the other."  Twin Falls NSC, LLC v. S. Idaho Ambulatory Surgery Ctr., LLC, No. 19-cv-00009, 2020 WL 5523384, at *17 (D. Idaho Sept. 14, 2020) (citing In re George, 322 F.3d 586, 592 (9th Cir. 2003)); see also Zhao v. United States, No. 06-cv-00106, 2010 5333098, at *5 (W.D.N.Y. Dec. 20, 2010).  As the record stands, it is unclear, as between Defendants and their counsel, who is at fault for Defendants' failure to provide adequate responses to Plaintiff's written discovery requests or for Halpern's failure to answer relevant questions at his deposition.  On the one hand, an experienced attorney like Mr. Brown, who is a partner at one of the larger firms in Texas, knows or certainly should have known, for instance, that Federal Rule of Civil Procedure 33 requires that each interrogatory be answered separately and fully and not by simply referring

9

to other documents or pleadings, see [ECF No. 63], and that a relevance objection is generally an insufficient basis for instructing a deponent not to answer a question (especially after electing not to seek a protective order prior to the deposition), [ECF No. 72 at 5–8]. On the other hand, the Court recognizes that attorneys do not typically act without direction from their clients. Under these circumstances, the Court concludes that the imposition of joint and several liability is appropriate.

## IV.  CONCLUSION

Accordingly, for the reasons noted above, Plaintiff's first motion, [ECF No. 73], is GRANTED and his second motion, [ECF No. 74], is GRANTED in part. His total requested fees and costs award is reduced to $15,642.10, consisting of $10,260.00 in connection with the May 19, 2020 motions to compel and $5,382.10 in connection with the September 22, 2020 motion to compel. Defendants and their counsel are jointly and severally liable for paying the $15,642.10 award.

**SO ORDERED.**

January 4, 2021                                                                      /s/ Allison D. Burroughs
                                                                                                ALLISON D. BURROUGHS
                                                                                                U.S. DISTRICT JUDGE