UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ANDREW SCOTT CONNING, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 18-cv-12336-ADB |
| JACK HALPERN and CJKI DICTIONARY INSTITUTE, INC., | * |
| Defendants. | * |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION *IN LIMINE*

BURROUGHS, D.J.

Currently before the Court is Plaintiff's motion *in limine*, [ECF No. 113], which is opposed by Defendants, [ECF No. 116]. For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the facts. The Court recently denied Defendants' motion for summary judgment, [ECF No. 107], and trial is scheduled to begin on November 15, 2021, see [ECF No. 124].

**II. DISCUSSION**

Plaintiff seeks a ruling that an email to him from Michael Staley, an editor at Plaintiff's publisher, purportedly relaying the fact that defendant Jack Halpern had granted Plaintiff permission to use certain of Defendants' materials in Plaintiff's book (the "Email"), [ECF No.

113-1], will be admissible at trial.[1] [ECF No. 113]. Defendants maintain that the statements in the Email are inadmissible hearsay. [ECF No. 116 at 1–2]. Because Plaintiff has failed to convincingly articulate why the statements in the Email are either non-hearsay or fall into one of the hearsay exceptions, his motion is denied. If Plaintiff can demonstrate at trial that the Email is not hearsay or satisfies an exception under a theory not raised by this motion, or seeks to offer it for a non-hearsay purpose, the motion may be renewed at trial. The Court addresses the merits of the instant motion below.

"'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted

---

[1] The Email states:

> Dear Andrew,
>
> I heard back from Jack Halpern. He is OK with your using the following:
>
> 1) Character "equivalents" from the Kodansha Kanji Learner's Dictionary (as described on page 42a, section 12.5). Not all equivalents, just some.
> 2) For a limited number of characters (about 250), Core Meanings and some compounds (and their English definitions) from the NJECD.
> 3) 8-9 jukugo per entry, on average. The number would vary, depending on the space available, from between 1 and 11.
> 4) ON and KUN readings of characters.
>
> I hope this covers everything, in addition to the Core Meanings, which he has already given us permission to use for a fee.
>
> I'll get back to you next week with feedback about the mnemonics and the conventions used therein. Do you have any other questions that I haven't addressed yet and which are preventing you from making progress on the book?
>
> Best wishes,
>
> Michael Staley

[ECF No. 113-1 at 2].

in the statement."[2] Fed. R. Evid. 801(c). The Email contains out-of-court statements allegedly made by two declarants, Staley and Halpern. Out-of-court statements are admissible only if they are not hearsay or satisfy one of the exceptions to the rule against hearsay. See Fed. R. Evid. 802; see also Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."). Therefore, to resolve the pending motion, the Court must determine whether the statements contained in the Email are hearsay and if so, whether they satisfy a hearsay exception. Given that these are indisputably out-of-court statements, the Email is hearsay if Plaintiff is offering the statements to "prove the truth of the matter asserted in the[m]." See Fed. R. Evid. 801(c)(2).

Plaintiff argues that the statements in the Email are "written evidence of legally-operative action" and therefore non-hearsay.[3] [ECF No. 114 at 2; ECF No. 127 at 1–2]. Specifically, he asserts that the Email itself was a "verbal act which grants [Plaintiff] the right to use the [referenced] material" in his book. [ECF No. 127 at 2]. Despite his use of the phrase "verbal act," Plaintiff's intended use of the Email seems to rely on the statement being true. Because

---

[2] A "statement" is "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). A "declarant" is "the person who made the statement." Id. 801(b).

[3] None of the cases cited by Plaintiff regarding legally-operative statements are factually similar or particularly persuasive. See Allison v. Ficco, 284 F. Supp. 2d 182, 188 (D. Mass. 2003) (habeas case referencing joint venture exception to the rule against hearsay); Articulate Sys., Inc. v. Apple Comput., Inc., 53 F. Supp. 2d 78, 82 (D. Mass. 1999) (noting that a statement was not hearsay because all that mattered was whether the statement was made, which was relevant to the issue of notice, not whether it was true); United States v. Cedeno-Cedeno, No. 14-cr-03305, 2016 WL 4376845, at *6–7 (S.D. Cal. Aug. 17, 2016) (discussing whether statement made regarding ship's registry triggered certain statutory consequences under the Maritime Drug Law Enforcement Act); Skyline Potato Co. v. Hi-Land Potato Co., No. 10-cv-00698, 2013 WL 311846, at *19 (D.N.M. Jan. 18, 2013) (finding that documents were admissible for purpose of demonstrating notice); Liani v. Baker, No. 09-cv-02651, 2010 WL 2653392, at *6 (E.D.N.Y. June 28, 2010) (noting that letter allegedly from defendant to plaintiff could, itself, be considered a legally-binding release and was therefore not hearsay).

3

Plaintiff is seeking to use the Email to prove that Defendants actually gave him permission to use some of their data in his book, the Email is hearsay.[4]

"Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802. In support of his position that the email is admissible under one of the hearsay exceptions, Plaintiff relies on the residual hearsay exception contained in Federal Rule of Evidence 807. See [ECF No. 114 at 2–4 (citing Rule 807)]. Rule 807 provides as follows:

> Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804: (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a). "In general, 'Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances.'" United States v. Awer, 770 F.3d 83, 94 (1st Cir. 2014) (quoting United States v. Trenkler, 61 F.3d 45, 59 (1st Cir. 1995)). Accordingly, the "proponent of a statement, citing the residual exception, bears a heavy burden." NGM Ins. Co. v. Santos, 483 F. Supp. 3d 1, 7 (D. Mass. 2020) (quoting ADT LLC v. Alarm Prot. LLC, No. 15-cv-80073, 2017 WL 1881957, at *2 (S.D. Fla. May 9, 2017)).

---

[4] The Court notes that there are various issues with how Plaintiff says he wants to use the statements, but there is no need for the Court to parse them at this juncture. As an example, Plaintiff seemingly claims that the Email shows that his *publisher* granted him permission to use Defendants' materials. See [ECF No. 127 at 2 ("Here, [Plaintiff] seeks to introduce the [] Email not to establish the truth of Staley's assertions (*e.g.* that Staley heard back from Halpern), but rather as evidence that [Plaintiff] had permission from his publisher (of which Staley was the editor) to use disputed material in his book.")]. The Email does not, in fact, show that Plaintiff's publisher gave him permission to do anything. Rather, Staley simply purports to communicate a message from Halpern to Plaintiff and does not take any position on the matter himself (or on the publisher's behalf). See [ECF No. 113-1 at 2 ("I heard back from Jack Halpern. He is OK with your using the following . . .")].

4

Plaintiff's theory for the admissibility of the Email seems to be that (1) in an email (or emails) to Staley, Halpern gave Plaintiff permission to use Defendants' materials in Plaintiff's book (i.e., the "Permission Emails"); (2) the Email quotes from the Permission Emails;[5] and (3) Defendants possess the Permission Emails but refuse to produce them.[6] [ECF No. 114 at 3–4]. Further, according to Plaintiff, because he does not have access to the Permission Emails, the Email is the best evidence available to him regarding such permission. [Id.]. His argument misses the mark. First, the Email is not more probative than any other evidence that Plaintiff can obtain through reasonable efforts. See Fed. R. Evid. 807(a)(2). Plaintiff will undisputedly have the option of examining one declarant, Halpern, at trial. With respect to the other declarant, Staley, although Plaintiff maintains that he cannot compel him to testify, [ECF No. 114 at 2], Plaintiff has not explained whether he has sought Staley's voluntary testimony or why he elected not to depose him. Additionally, Plaintiff has not adequately shown that the statements in the Email are "supported by sufficient guarantees of trustworthiness."[7] Fed. R. Evid. 807(a)(1). Thus, the Email is not admissible under Rule 807.

---

[5] It is not clear, at least based on the version of the Email filed in connection with the instant motion, [ECF No. 113-1], that the Email is quoting from another source.

[6] The Court has already addressed Plaintiff's arguments concerning the so-called Permission Emails. [ECF No. 107 at 10–11]. The Court directed Defendants (and their counsel) to file sworn statements affirming that they have produced all responsive documents in their possession, custody, or control, [id. at 14–15], and Defendants did so, see [ECF Nos. 109, 110, 111]. The Court therefore has no reason to conclude that Defendants are impermissibly withholding documents. Against this backdrop, the Court is unwilling to admit hearsay based on Plaintiff's speculation regarding the content of emails between Halpern and Staley that may or may not exist.

[7] Plaintiff suggests that the statements are trustworthy because (1) they were made prior to litigation; (2) Staley would have no incentive to be untruthful; and (3) other evidence in the record corroborates them. [ECF No. 114 at 3]. Staley, however, was neither under oath nor in a formal setting when he sent the Email. Moreover, the Court is not familiar enough with the business relationship between Defendants, Plaintiff, and their shared publisher to determine

5

Because Plaintiff's argument regarding why the Email is not hearsay is unavailing and he has identified no applicable hearsay exception, his motion is denied with leave to renew if he has a colorable basis for admitting the Email pursuant to a rule or theory not addressed in the instant motion, including that it is not being offered for the truth or that it is admissible as a statement of a party opponent (although in either case there might still be a hearsay within hearsay issue).

Further, regardless of the admissibility of the Email, Plaintiff can question Halpern at trial about whether he gave Plaintiff permission to use any of Defendants' materials in Plaintiff's book. Assuming the line of questioning is otherwise appropriate, if Halpern denies granting such permission and Plaintiff believes that Halpern is being untruthful, Plaintiff may confront Halpern with the Email in an effort to discredit his testimony.

Accordingly, because Plaintiff has failed to demonstrate that the Email is not hearsay and the only hearsay exception that he cites does not apply, his motion *in limine*, [ECF No. 113], is <u>DENIED</u>. The Court will not, however, preclude Plaintiff from seeking to admit the Email, on an alternative basis, at trial.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion *in limine,* [ECF No. 113], is <u>DENIED</u> with leave to renew at trial.

**SO ORDERED.**

June 28, 2021 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

whether Staley would have any incentive to misrepresent Halpern's statements to Plaintiff. Finally, the allegedly corroborative evidence is not, in the Court's view, enough to guarantee trustworthiness. See <u>NGM Ins. Co.</u>, 483 F. Supp. 3d at 7.