UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANDREW SCOTT CONNING, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-12336-ADB |
| | * | |
| JACK HALPERN and CJKI DICTIONARY INSTITUTE, INC., | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS

BURROUGHS, D.J.

Currently before the Court is Plaintiff's motion for discovery-related sanctions. [ECF No. 120]. For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts. The Court recently denied Defendants' motion for summary judgment, [ECF No. 107], and trial is scheduled to begin on November 15, 2021, see [ECF No. 124]. Discovery in this case has been highly contentious, and the Court has already sanctioned Defendants (and their counsel) for discovery misconduct. See [ECF Nos. 72, 81].

## II. DISCUSSION

In its April 22, 2021 Order, the Court stated the following:

Although the Court is not, at this time, prepared to require the inferences that Plaintiff requests, it will, in light of Defendants suspect performance with regard to discovery, allow Plaintiff, to the extent that he believes he lacks clear answers to the specific questions asked at the deposition that concern finances, to serve Defendants with additional interrogatories re-asking those questions no more than

   five (5) days after the entry of this Order. Should Plaintiff serve such interrogatories, Defendants must respond promptly, candidly, and completely no more than seven (7) days after they are served.

[ECF No. 107 at 13]. On April 27, 2021, Plaintiff served seven additional interrogatories. See [ECF No. 120-1]. On May 4, 2021, Defendants responded. See [ECF No. 120-2]. After Plaintiff's counsel sent Defendants' counsel a letter on May 13, 2021 highlighting purported deficiencies with Defendants' responses, [ECF No. 120-3], Defendants supplemented their responses on May 17, 2021, see [ECF No. 120-4]. Unsatisfied with Defendants' supplemented responses, Plaintiff moved for sanctions on May 18, 2021. [ECF No. 120]. Defendants opposed the motion, [ECF No. 128], and then provided further supplemented responses on June 22, 2021, see [ECF Nos. 130, 130-3]. Hopeful that Defendants' latest responses would obviate the need for judicial involvement, the Court solicited Plaintiff's views. [ECF No. 132]. On July 2, 2021, Plaintiff informed the Court that he still believes that Defendants' interrogatory responses are inadequate. [ECF No. 133]. On July 16, 2021, Defendants reiterated their stance that their interrogatory responses are sufficient. [ECF No. 134].

  Plaintiff argues that many of Defendants' interrogatory responses are non-responsive, highlighting, in particular, Defendants' response to Supplemental Interrogatory No. 2.[1] See [ECF No. 120 at 2]. That interrogatory calls for Halpern to:

> [d]escribe each loan Jack Halpern made to CJKI since 2012, including (1) the date; (2) the form of the loan (i.e. monetary transfer, deferred compensation, etc.); (3) the amount of the loan; (4) the terms of the loan (interest rate, repayment deadline, etc.); and (5) the purpose of the loan, identifying any documents evidencing the loan or any information concerning the loan.

---

[1] Given that Plaintiff elected to specifically identify Supplemental Interrogatory No. 2, the Court assumes that he views it as the most clear-cut example of non-compliance and will not discuss other interrogatories and responses in any detail.

[ECF No. 120-1 at 3].[2]  Halpern responded as follows:

> I incorporate the above "preface" here. Additionally, I answered loan and loan repayment related questions during my deposition (see Halpern Sep. 29, 2020, Dep. p. 144-145), my answers to written deposition question #7 (see CJKI006272-6273), the referenced document in my answer that was produced as document CJKI006247, and newly-produced documents referenced above, CJKI6365-6379 and CJKI6380-6389.

[ECF No. 120-4 at 6].[3]  With respect to loans, the "preface" provides:

> CJKI006247, CJKI6365-6379, and CJKI6380-6389 (Loans, Royalties, and Salary) These documents identify financial activities related to loans, salary, and royalties between CJKI and Jack Halpern. Document CJKI006247 consists of two tables, identifying a summary of all loans, salaries, and IP royalty transactions between Jack Halpern (CEO) and CJKI. The top table – titled IP Royalties and Executive Transfers – identifies the following categories: (1) Debt owed to Jack Halpern, (2) IP royalties incurred (from CJKI to Jack Halpern), (3) amount loaned by Jack Halpern to CJKI, and (4) repayment of IP royalties and loans by CJKI to Jack Halpern.  The bottom table – titled Payment of Executive Compensation – identifies (1) unpaid balance, (2) amounts to be paid to Jack Halpern, and (3) actual amount paid to Jack Halpern.  Documents CJKI6365-6379 (concerning data in top table) and CJKI6380-6389 (concerning data in bottom table) provide detail underlying these summary tables.  For explanation, the detail on CJKI6381 and similar pages shows tax withholding bookkeeping records . . . for each year, which includes deductions, insurance, and other withholdings.  The referenced pages (e.g., "865") are ledgers with years marked in handwriting of the following categories:
> 865 . . . - amount of royalties for IP to Jack Halpern
> 364 . . . - debt owed to Jack Halpern
> 314 . . . - unpaid amounts to Jack Halpern
> 858 . . . - commissions unpaid to Jack Halpern

[Id. at 4].  Additionally, the "preface" provides, more generally, that

> [Halpern] worked with the tax accountant office of Toriyama Kaikei to provide as much information as is available to answer the interrogatories.  The accountant is a Japanese-certified tax accounting firm.  It manages [Halpern's] personal and CJKI's accounting work.  The accountant spent a considerable amount of time and

---

[2] Plaintiff propounded identical interrogatories on both Halpern and CJKI.  Compare [ECF No. 120-1 at 1–4], with [id. at 5–8].  For brevity, the Court will cite only to the interrogatories directed to Halpern.

[3] Halpern and CJKI each provided identical responses to Plaintiff's interrogatories.  Compare [ECF No. 120-4 at 1–9], with [id. at 10–18].  For brevity, the Court will cite only to Halpern's responses.

> effort searching for and collecting the various categories of information . . . provide[d] in these answers. [Halpern] provides that information and documents in the form they are customarily maintained and were provided to [him].

[Id. at 3]. Finally, the "preface" notices that "[e]xcept where provided or as otherwise noted, [Defendants'] accounting firm does not maintain records before 2015." [Id. at 4].

The documents that Halpern cites to in his interrogatory response, see [ECF No. 120-4 at 6 (citing CJKI6247, CJKI6365–79, and CJKI6380–89)], do not provide the loan-level information that Plaintiff seeks. As best the Court can tell, CJKI6247, [ECF No. 130-3 at 22], is a summary document that provides a snapshot of how much money CJKI owed to Halpern at the beginning of a given year but does not provide any detail about the individual loans underlying that beginning-of-year balance. As to CJKI6365–79, although there are some documents that seem to show loan-level information, e.g., [ECF No. 130-3 at 32, 34, 38, 40, 45], they are difficult to understand. Additionally, they do not provide key information about the loans (such as the interest rate and maturity date).[4] With respect to CJKI6380–89, those documents do not appear to contain any information regarding loans. [ECF No. 130-3 at 46–57].

Nevertheless, given Defendants' representations regarding their accounting records, see [ECF No. 120-4 at 3–4], it appears as though neither they nor their accountants have all of the information that Plaintiff seeks.[5] While Defendants cannot be faulted for failing to provide

---

[4] Further, some of the "remarks," which presumably describe the purpose of the loans, are cryptic and/or highly generalized. E.g., [ECF No. 130-3 at 32 ("Japan Post Co., Ltd. Cash envelope, Jack personal"); id. at 34 ("Loan"); id. at 40 ("Jack Halpern")].

[5] The Court bases its conclusion on Halpern's statements that he "answered the[] interrogatories to the best of [his] ability and as accurate[ly] as possible with the information available to [him] and within the time frame required," and "provide[d] that information and documents in the form they are customarily maintained and were provided to [him]." [ECF No. 120-4 at 3]. Taken together, these statements suggest that Halpern produced all relevant accounting records and that Defendants and their accountants simply do not maintain records with the level of detail required to comprehensively answer Plaintiff's interrogatories.

information that they do not have, they can be faulted for (1) answering interrogatories by producing and referring to complicated, difficult-to-understand accounting records,[6] and (2) failing to clearly acknowledge that they do not have all of the loan data that Plaintiff seeks.[7] Accordingly, Plaintiff's motion for sanctions, [ECF No. 120], is GRANTED.

Although the Court is not prepared to provide the relief that Plaintiff seeks (i.e., a finding that Halpern and CJKI are alter-egos), see [ECF No. 91 at 2], the Court will permit Plaintiff to introduce evidence at trial regarding Defendants' (lack of) financial records, which the factfinder may consider relevant to the alter-ego analysis.[8]  Additionally, Plaintiff is entitled to receive the information that Defendants do have in a more readily-usable format.  To facilitate these goals, within fourteen (14) days of the entry of this Order, Defendants shall serve Plaintiff with further supplemented interrogatory responses that succinctly explain—in connection with Supplemental Interrogatory No. 2 and any other Supplemental Interrogatory to which they are unable to comprehensively respond because they lack the requested information—precisely what information Defendants can and cannot provide.  With respect to the information that they can

---

[6] Under Federal Rule of Civil Procedure 33(d), a party may answer an interrogatory by providing (or referencing) business records but only "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d).  Here, given the confusing nature of Defendants' records, the burden was asymmetric, and Defendants should not have invoked Rule 33(d) (at least with respect to loans).  The Court acknowledges that Defendants have provided some guidance regarding how to construe their records.  See [ECF No. 120-4 at 3–4].  Even with Defendants' guidance, the Court still finds that these records are difficult to understand.  Simply put, Plaintiff should not be required to parse through them and guess what they mean.  This is especially true because Plaintiff will not have an opportunity to depose anyone regarding the documents' meaning prior to trial.

[7] For instance, Defendants should have bluntly stated in their interrogatory responses that they do not have interest rate data for each loan.  Instead, they seemingly simply ignored Plaintiff's request for that information.

[8] The Court may also instruct the jury on this issue.

provide, Defendants shall provide it in a concise, easy-to-read manner and shall not merely refer Plaintiff to their accounting records.[9]

Finally, as the Court made clear at the May 18, 2021 conference, see [ECF No. 122], as the non-prevailing party, Defendants will be required to pay Plaintiff's reasonable expenses, including attorneys' fees, incurred in connection with this motion. Within thirty (30) days of the entry of this Order, Plaintiff shall submit an itemized statement of his expenses, including attorneys' fees. If Defendants wish to respond, they shall do so within ten (10) days of Plaintiff's filing.[10]

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's motion for discovery sanctions, [ECF No. 120], is GRANTED.

**SO ORDERED.**

July 22, 2021                                                                 /s/ Allison D. Burroughs
                                                                              ALLISON D. BURROUGHS
                                                                              U.S. DISTRICT JUDGE

---

[9] Defendants could accomplish this in a variety of ways, but one option is to provide a table similar to the one in Plaintiff's most recent filing. See [ECF No. 133 at 3].

[10] In this responsive filing (or in a supplement), Defendants' counsel may wish to address why the Court should or should not impose joint and several liability on Defendants and their counsel.