UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW SCOTT CONNING, * | |
| * | |
| Plaintiff, * | |
| * | |
| v.  * | Civil Action No. 18-cv-12336-ADB |
| * | |
| JACK HALPERN and CJKI DICTIONARY * | |
| INSTITUTE, INC., * | |
| * | |
| Defendants. * | |

**<u>Order</u>**

BURROUGHS, D.J.

On July 22, 2021, the Court issued an order granting Plaintiff's motion for discovery sanctions. [ECF No. 135]. The Court instructed Plaintiff to file an itemized statement documenting the attorney's fees and costs that were incurred in preparing the motion for sanctions. [<u>Id.</u> at 6]. Thereafter, Plaintiff filed a statement of fees and costs that totaled $11,385, [ECF No. 136], which Defendants opposed on September 2, 2021, [ECF No. 138].[1] On October 1, 2021, Plaintiff filed his reply and an updated itemized statement of expenses, which adjusted the total requested to $11,175. [ECF No. 143]. For the reasons explained below, the Court awards Plaintiff attorney's fees and costs in the amount of $4,290.

Federal Rule of Civil Procedure 37(b)(2)(C) only provides for the recovery of "reasonable expenses . . . caused by the failure" of a party to obey a discovery order. Fed. R.

---

[1] In their opposition, Defendants also asked the Court to reconsider its order granting sanctions and to stay the ruling on awarding expenses until after the parties had an opportunity to mediate. [ECF No. 138]. Defendants' request for reconsideration is <u>DENIED</u> because Defendants have not presented any new evidence or new arguments as to why the Court's decision was unjust, and the request to stay is <u>DENIED</u> as moot, as the mediation referenced in the opposition has already occurred and the case is now set for trial.

Civ. P. 37(b)(2)(C).  In addition, "[t]he party seeking fees and costs has the burden of showing that the expenses claimed are reasonable and traceable to the failures of the disobedient party." Momenta Pharm., Inc. v. Amphastar Pharm., Inc., No. 11-cv-11681, 2016 WL 2642997, at *3 (D. Mass. May 9, 2016).  "A court can reduce the award requested to the extent that 'the documentation of hours is inadequate.'"  Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Thus, Plaintiff is entitled to attorney's fees and costs only to the extent that he shows that they are traceable to the Defendants' failure to obey the Court's discovery orders.

Here, Plaintiff seeks to recover approximately 38.5 work hours, which he attributes to his motion for sanctions.  Plaintiff's submission, however, is replete with expenses that are not related to the motion for sanctions and that counsel would have incurred regardless of whether Defendant failed to comply with the Court's discovery order.  Notably, Plaintiff's submission argues that the time counsel spent on this three-page motion spanned from April 22, 2021 to July 22, 2021.  The Court finds that Plaintiff's statement of fees fails to establish that nearly 40 hours of work were traceable to Defendant's failure to obey this Court's discovery orders.  The Court will reduce the costs sought to $4,290, which includes only the time entries that the Court finds were reasonably related to the motion for sanctions, which total approximately 14.5 hours. Finally, the Court finds that the Plaintiff's counsel's hourly rate, which Defendants do not challenge, is appropriate.

Having considered Plaintiff's itemized statement of fees and costs, for the reasons stated herein, the Court awards him attorney's fees and costs in the amount of $4,290.  Defendants and their counsel are jointly and severally liable for paying the $4,290 award.

**SO ORDERED.**

February 22, 2022                                                                          /s/ Allison D. Burroughs
                                                                                                       ALLISON D. BURROUGHS
                                                                                                       U.S. DISTRICT JUDGE